**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 12-02068-VAP (SPx)                    Date:  December 21, 2012

Title:   RASHMI BHATT, BARBARA BHATT -v- OWB REO LLC, ROBERT L. JACKSON AND ASSOCIATES, INC., DOES 1 THRU 10, INCLUSIVE
================================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:   MINUTE ORDER (1) DISMISSING PLAINTIFFS' FIRST CLAIM AND (2) REMANDING ACTION TO CALIFORNIA SUPERIOR COURT (IN CHAMBERS)

   On October 9, 2012, Plaintiffs Rashmi Bhatt and Barbara Bhatt (collectively, "Plaintiffs") filed a complaint in the Superior Court of California, County of Riverside (Ex. A to Not. of Removal (Doc. No. 1) ("Complaint").)  Plaintiffs allege three claims: (1) violation of the Fair Debt Collection Practices Act,  15 U.S.C. §§ 1692, et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code 1788 § 1788, et seq. ("Rosenthal Act"); (2) malicious prosecution; and (3) retaliation. (See generally Compl.)

   Plaintiffs allege that they are tenants of a property in Temecula, California (the

EDCV 12-02068-VAP (SPx)
RASHMI BHATT, BARBARA BHATT v. OWB REO LLC, ROBERT L. JACKSON AND ASSOCIATES, INC., DOES 1 THRU 10, INCLUSIVE
MINUTE ORDER of December 21, 2012

"Property"). (Ex. A to Not. of Removal ("Complaint") ¶ 1.) They allege that OWB purchased the Property at a foreclosure sale. (Compl. ¶ 1.) Plaintiffs further allege that OWB, with the assistance of Jackson, brought an unlawful detainer action against them, attempting to evict Plaintiffs from the Property. (Compl. ¶ 2.)

On November 26, 2012, Defendant Robert J. Jackson & Associates, Inc. ("Jackson") filed a Notice of Removal ("Notice"), removing the case on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, Jackson removed the action on the basis of Plaintiffs' FDCPA claim. Defendant OWB REO, LLC ("OWB"), the only other named defendant in this action, consented to and joined in the Notice.

On December 17, 2012, Plaintiffs filed a request for an order dismissing their first claim for violation of the FDCPA and the Rosenthal Act. The Court GRANTS Plaintiffs' request and DISMISSES the first claim.

A district court may decline to exercise supplemental jurisdiction over a state claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)).

After considering the jurisdictional principles of judicial economy, procedural convenience, fairness to litigants, and comity, the Court finds it appropriate to decline supplemental jurisdictional over Plaintiffs' remaining state law claims. The Court REMANDS the case to California Superior Court for resolution of the remaining state law claims: (1) malicious prosecution and (2) retaliation.

**IT IS SO ORDERED.**